City of Palatka v. Palatka Water Works—Syllabus.

---

CITY OF PALATKA, A MUNICIPAL CORPORATION, *Plaintiff in Error*, v. PALATKA WATER WORKS, A FLORIDA CORPORATION, *Defendant in Error*.

### Opinion Filed December 22, 1914.

1. When the sole consideration for a contract to pay hydrant rentals, for hydrants not used, between a municipality and a water works company is the furnishing through the system "of a full and reliable supply of water for fire protection and other purposes," the municipality may plead in an action for these rentals, that the company did not furnish through the system "a full and reliable supply of water for fire and other purposes."

2. If the donee of a franchise from a municipality provides a loose test for its continuing obligation to pay hydrant rentals, the municipality may be pardoned for the use of general language in pleading the breach of this duty.

Writ of Error to Circuit Court for Putnam County; James T. Wills, Judge.

Judgment reversed.

*Hilburn* & *Merryday,* for Plaintiff in Error;

*Axtell* & *Rinehart,* for Defendant in Error.

COCKRELL, J.—The Water Works Corporation recovered judgment against the City of Palatka for hydrant rentals, alleged to be due upon a contract. Passing certain practice points, the vital issue depends upon a plea tendered by the city, to which a demurrer was sustained.

In the contract, the franchise granted by the city, there were numerous provisions as to the character of the system of water works to be established, the source of the water supply, the charges to be assessed against private consumers, the stand pipe to be erected, and other provisions going to the life and validity of the franchise, the city contracted for itself as follows: "In consideration of the furnishing, through works as above described, of a full and reliable supply of water for fire protection, and other purposes, the City of Palatka hereby agrees to rent from the owner of said works, during the term of twenty-five (25) year, (or until the city shall sooner purchase said works, as hereinafter provided) forty (40) doubly nozzle fire hydrants, at an annual rental of fifty ($50) dollars each, payable quarterly, the city to have and to exercise the right to rent additional hydrants at the same rate upon pipe extended as provided in Section four (4) and at the rate of forty ($40) dollars each per annum for additional hydrants set upon the aforesaid twenty-six thousand (26,000) feet of pipe."

In the language of this section, the city pleaded in defense of this action for the contract rentals of hydrants not used, that the plaintiff "failed to furnish through said

works a full and reliable supply of water for fire protection and other purposes." We do not read this plea as denying the adequacy of the system devised, or of the source of the water supply, all provided in the contract, but only a failure, through the negligence of the Water Works Company, to maintain and operate that system up to the contractual standard of "a full and reliable supply of water for fire and other purposes," the sole and continuing consideration for the City's obligation to pay hydrant rentals.

If the language be rather general for good pleading, is not the blame to be laid upon the Water Works Company, which selected this loose test, rather than upon the City, the donor of the franchise? Those seeking the franchise could have applied a more certain standard for the fulfilment of its contract, as by static pressure, quantity of water to be maintained in the standpipe of the like; but as the city may have been looking to the future and the probable increase in growth and population, it may have been that a fixed standard would have been placed higher than the seekers of the franchise desired. However this may be, the sole consideration to hold the City liable for the hydrant rentals was the continuing and ever present duty of the Water Works Company to maintain a full and reliable supply of water for fire protection, and other purposes.

In the case of Wiley v. Inhabitants of Athol, 150 Mass. 426, 23 N. E. Rep. 311, the furnishing of a full and ample supply of water for fire protection was not made the consideration of the agreement for hydrant rentals, but was one of the many conditions for the grant of the franchise and was considered as an independent contract for the breach of which an action by the municipality would lie.

If the system devised and accepted by the city does not

admit of a full and reliable supply of water, despite the diligence of the Water Works Company, this may be set up by way of a replication to the plea, but we do not see that the defendant was bound to anticipate such reply.

We think the plea specifies the condition precedent the performance of which the pleaders intend to contest, and that the demurrer should have been overruled.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.